**M. Ali TAALEBINEZHAAD, Plaintiff,**

v.

**Michael CHERTOFF, et al., Defendants.**

**Civil Action No. 08–10990–RBC.**

United States District Court, D. Massachusetts.

Oct. 9, 2008.

Rachael S. Rollins, United States Attorney's Office, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER ON MOTION FOR REMAND (# 4)*

COLLINGS, United States Magistrate Judge.

### I. Introduction

On June 12, 2008, *pro se* plaintiff M. Ali Taalebinezhaad ("Taalebinezhaad") filed a

complaint (# 1, Plaintiff's Orginal [sic] Complaint for Declaratory and Injuctive [sic] Relief and Writ in the Nature of Mandamus to Compell [sic] Defendants' Determinatin [sic] of Plaintiff's N–400 Naturalization Application) pursuant to 8 U.S.C. § 1447(b), seeking to compel the United States Citizenship and Immigration Services ("USCIS") to take action on his application for naturalization.[1] On July 30, 2008, after Taalebinezhaad had filed his complaint in federal court, USCIS denied Taalebinezhaad's N–400 application, citing Taalebinezhaad's lack of good moral character. After receiving USCIS's letter denying his application, on August 7, 2008, Taalebinezhaad filed his Motion for an Expedited Hearing before the End of August 2008 on his Original N–400 Naturalization Application Complaint (# 5), urging the Court to make a merits determination on his application. On August 11, 2008, the government filed a Motion for Remand and Memorandum in Support (# 4), asking the Court to remand the matter to USCIS. The Court heard oral argument on the parties' positions on August 12, 2008. The immediate question before the Court is whether the Court ought to determine Taalebinezhaad's application for naturalization, or to remand the matter to USCIS.

## II. Background

The following facts are undisputed. Taalebinezhaad, a native of Iran, became a lawful permanent resident on June 8, 2000, and has resided in the United States since September 1985. (# 1 ¶¶ 1, 28) He obtained both his M.S. and Ph.D. from MIT.

(# 1 ¶ 1) Taalebinezhaad filed his N–400 application for naturalization ("N–400") on November 4, 2005. (# 1 ¶¶ 1, 28) A USCIS officer interviewed Taalebinezhaad on March 13, 2006. (# 1, Exh. 2) Thereafter, USCIS informed Taalebinezhaad that he had passed the required English language and United States history and government tests, but that a decision could not be made on his application because of a pending "FBI name check."[2] (# 1, Exh. 2)[3]

At the time Taalebinezhaad filed his complaint in federal court on June 12, 2008, about twenty-seven months had passed since Taalebinezhaad's interview and USCIS had not rendered a decision on his application. In the meantime, on August 6, 2006, Taalebinezhaad got married in Iran. (# 1 ¶ 1) He now complains that his wife cannot join him in the United States because he cannot sponsor her without becoming naturalized. (# 1 ¶ 1) On July 30, 2008, less than two months after Taalebinezhaad filed his complaint, USCIS denied Taalebinezhaad's application for naturalization citing Taalebinezhaad's "lack of good moral character." (# 5, Exh. 1)

## III. Analysis

■ Because USCIS had not determined Taalebinezhaad's N–400 application within 120 days of Taalebinezhaad's naturalization interview, Taalebinezhaad was entitled by statute to apply to the federal district court for a hearing on the matter. See 8 U.S.C. § 1447(b). According to statute, the federal court "has jurisdiction over

---

**1.** Taalebinezhaad also seems to seek class certification for all those naturalization applicants similarly situated. (# 1 ¶ 2) Taalebinezhaad has not seriously attempted to satisfy the requirements of Fed.R.Civ.P. 23, and the Court does not consider this assertion further.

**2.** For a discussion of the FBI's name check process, see Aronov v. Chertoff, 536 F.3d 30, 42–45 (1st Cir.2008).

**3.** It thus appears that, contrary to its own regulations, see 8 C.F.R. § 335.2(b), USCIS interviewed Taalebinezhaad before it had completed the required background checks. See Aronov v. Chertoff, 536 F.3d 30, 32 (1st Cir.2008).

the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *Id.* Recently, the First Circuit has determined, in accord with the majority view, that once a naturalization applicant has filed a complaint in federal district court upon USCIS's failure to render a decision within the 120 days required by statute, the district court assumes exclusive jurisdiction over the matter. *Aronov v. Chertoff*, 536 F.3d 30, 38 & n. 6 (1st Cir.2008) (stating that "[a]fter [naturalization applicant] filed suit in the district court under the statute, USCIS lost jurisdiction to adjudicate [the] application"). Thus, USCIS' July 30, 2008 denial of Taalebinezhaad's N–400 application is null and void, *see id.*; the government has conceded as much. Thus, the only remaining question before the Court is the remedy, *i.e.*, whether to adjudicate the matter or to remand it to USCIS. Obviously, given USCIS' delay in addressing his application, Taalebinezhaad would prefer the Court to conduct a merits hearing and to determine the matter, while the government urges the Court to remand the case.

The government argues that remand would permit the agency to develop an administrative record, and to permit USCIS, the agency charged with determining naturalization applications, to act in the first instance. The Court is mindful that this rationale undergirds the decisions of the many courts that have elected to remand these cases to USCIS. *See, e.g., Israileva v. Chertoff*, No. 07–21, 2008 WL 1766663, *1 (M.D.Fla. Apr. 17, 2008) ("Ordinarily, with respect to immigration matters, 'a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.'") (quoting *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)); *Sallam v. Mukasey*, No. 07–11380, 2008 WL 687409, *1 (D.Mass. Mar. 5, 2008) (Zobel, J.) (remanding for resolution with-

in 30 days, and noting that further hearing before immigration officer would develop the administrative record); *Hussain v. Chertoff*, 486 F.Supp.2d 196, 200 (D.Mass. 2007) (Wolf, C.J.) (noting that "[t]he court would generally prefer that USCIS, the expert agency charged with the primary responsibility, decide the merits of an application for naturalization," but adjudicating case on the merits where government no longer sought remand); *Farooq v. Hansen*, No. 07–0946, 2007 WL 2177890, *4 (N.D.Ohio July 27, 2007) (noting that "an order of remand comports with Congressional intent that CIS make the initial determinations regarding naturalization applications"); *Khelifa v. Chertoff*, 433 F.Supp.2d 836, 844–845 (E.D.Mich.2006) (returning application to USCIS for resolution "comports with the 'ordinary remand' rule, under which the courts generally should defer to agencies that bear the statutory obligation to make the initial determination on particular matters within their presumed expertise and delegated authority"). The rationale seems most paramount in instances in which the FBI has not yet completed its background check, and where security concerns have not been resolved at the agency level. *See, e.g., Alhamedi v. Gonzales*, No. 07–2541, 2007 WL 1573935, *3 (S.D.N.Y. May 30, 2007) ("nearly every court confronting this question has agreed . . . that it would be inappropriate to adjudicate a naturalization application in the absence of a completed FBI background check" and remanding with instructions that FBI should expedite name check); *Al Saleh v. District Director, USCIS Detroit*, No. 06–13372, 2007 WL 925693, *3 (E.D.Mich. Mar. 28, 2007) (remanding to USCIS where FBI had failed to complete security background check, and noting agency expertise in deciding naturalization applications); *Issa v. Mueller*, 486 F.Supp.2d 668, 674 (E.D.Mich.2007) (same) (and cases cited). Although Taalebinezhaad's application re-

mained pending for over two years because the FBI name check was "pending," the government has not maintained (either in its papers or at oral argument) that that remains the case.

Otherwise, the Court notes that although remand is often the ordinary course, some courts (including two in this circuit) have elected to exercise their statutory authority to adjudicate the merits of naturalization applications, particularly in the face of protracted agency delay. *See, e.g., Omran v. Dep't of Homeland Security,* No. 07–187, 2008 WL 320295, *3, 5 (S.D.Ohio Feb. 4, 2008) (reviewing "[c]ompeting policy interests" set out in cases in deciding whether to remand to USCIS or to retain jurisdiction, and observing, in setting hearing on the merits, that court would "not shirk its Congressionally-authorized oversight function of the naturalization application process"); *Lifshaz v. Gonzales,* No. 06–1470, 2007 WL 1169169, *2 (W.D.Wash. Apr. 19, 2007) (electing to adjudicate the merits and stating that "the Court is disturbed by the possibility that a determination on [alien's] naturalization application will be endlessly delayed"); *Meyersiek v. United States Citizenship and Immigration Service,* No. 05–398, 2006 WL 1582397, *1 (D.R.I. June 6, 2006) (granting petitioner's motion for hearing on the merits following USCIS's denial of naturalization application for lack of good moral character); *Shalan v. Chertoff,* No. 05–10980, 2006 WL 42143, *2 (D.Mass. Jan. 6, 2006) (denying motion to remand where "defendants offer[ed] no reasons specific to plaintiff for the extensive time expended in completing review of his application").[4] Moreover, as the United States Court of Appeals for the Fourth Circuit has observed, "CIS, as a party to any § 1447(b) action, can utilize its expertise by presenting its findings to the court." *Etape v. Chertoff,* 497 F.3d 379, 387 (4th Cir.2007).

Taalebinezhaad has resided in the United States for twenty-three years, and his application has been pending for almost three years. The Court remained unconvinced after oral argument that Taalebinezhaad's application would necessarily be handled with alacrity if it were to remand the case to USCIS.

### IV. Conclusion

Given the circumstances of this case, it is ORDERED that the Motion for Remand, Etc. (# 4) be, and the same hereby is DENIED. A conference will be noticed to set a schedule leading to a hearing on the merits of Taalebinezhaad's application for naturalization.

---

4. The Court notes incidentally that the dockets in *Omran* and *Lifshaz* indicate that no merits hearing was ultimately conducted: in *Omran,* the plaintiff voluntarily dismissed his petition; in *Lifshaz,* the parties jointly stipulated to remand to USCIS.