**CAMPBELL–MCCORMICK, INC., and its remaining Director-Trustee, Robert I. McCormick, Defendant and 3rd-Party Plaintiff–Appellant,**

v.

**Clifford OLIVER, Plaintiff–Appellee,**

and

**June R. Stearns, Plaintiff-Appellee,**

**The Walter E. Campbell Company, Inc., Defendant–Appellee,**

**MCIC, Incorporated, formerly known as McCormick Asbestos Co., Defendant and 3rd-Party Plaintiff–Appellee,**

**Atwood & Morrill Co., Inc.; Manville Trust Personal Injury Settlement Trust; Aurora Pump; Crane Co.; General Electric Company; Ingersoll-Rand Co., Inc.; Johnson Controls, Inc.; Marotta Controls, Inc.; The Nash Engineering Company; The Weir Group; Velan Valves Corp.; Viking Pump; Warren Pumps, Inc., Third Party Defendants–Appellees.**

No. 16-1895

United States Court of Appeals, Fourth Circuit.

Argued: September 13, 2017

Decided: October 24, 2017

---

ARGUED: Steven Joseph Parrott, DE-HAY & ELLISTON, L.L.P., Baltimore, Maryland, for Appellant. Ian Gill Thomas, BROWN GOULD KIELY LLP, Bethesda, Maryland; David Michael Sturm, TADD-EOSTURM PLC, Richmond, Virginia, for Appellees. ON BRIEF: Patrick C. Smith, John C. Ruff, DEHAY & ELLISTON, L.L.P., Baltimore, Maryland, for Appellant. Daniel A. Brown, Matthew E. Kiely, BROWN GOULD KIELY LLP, Bethesda, Maryland, for Appellees Clifford Oliver and June R. Stearns. F. Ford Loker, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellee Aurora Pump Company. Gerry H. Tostanoski, TYDINGS & ROSENBERG LLP, Baltimore, Maryland, for Appellee Atwood & Morrill Company. Malcolm S. Brisker, GOODELL, DEVRIES, LEECH & DANN, LLP, Baltimore, Maryland, for Appellees Johnson Controls, Inc. and Viking Pump, Inc. Anthony B. Taddeo, Jr., TADDEOSTURM PLC, Richmond, Virginia, for Appellee Velan Valve Corp. Michael L. Haslup, Jonathan J. Huber, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellee Ingersoll-Rand Company. Robert E. Scott, Jr., Richard J. Medoff, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellee Marotta Controls, Inc.

Before KING and THACKER, Circuit Judges, and John A. GIBNEY, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

Appeal dismissed by published opinion. Judge King wrote the opinion, in which Judge Thacker and Judge Gibney concurred.

KING, Circuit Judge:

In these proceedings, plaintiff Wayne Oliver filed a complaint in Maryland state court alleging asbestos exposure claims against, among other defendants, Campbell-McCormick, Inc. ("CMC"). In response, CMC filed a third-party complaint against several entities, including General Electric Company ("GE"). GE then removed the litigation to the District of Maryland, prompting Oliver to move to sever his claims and remand them to state court. The federal district court granted Oliver's motion and concomitantly retained jurisdiction over CMC's third-party claims, which the court stayed. *See Oliver v. Campbell-McCormick, Inc.*, No. 1:16-cv-01057 (D. Md. July 18, 2016), ECF No. 106 (the "Order"). CMC appeals from the Order, contending that the district court erroneously severed and remanded Oliver's claims. As explained below, we dismiss the appeal for lack of appellate jurisdiction—

including jurisdiction, as claimed by CMC, under the collateral order doctrine.[1]

## I.

In December 2015, Wayne Oliver filed his complaint in the Circuit Court for Baltimore City, Maryland, alleging state law claims against CMC, the Walter E. Campbell Company, Inc., and MCIC, Incorporated. CMC then filed its third-party complaint against GE and twelve other third-party defendants, seeking contribution pursuant to the Maryland Uniform Contribution Among Joint Tort-Feasors Act. *See* Md. Code, Cts. & Jud. Proc. § 3-1401 (the "UCATA").[2] In April 2016, GE removed the litigation to federal district court pursuant to 28 U.S.C. § 1442(a), asserting the federal contractor defense. A little more than a month later, in May 2016, Oliver filed his motion to sever and remand his claims. Specifically, Oliver requested the district court to decline to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c).

By its Order of July 18, 2016, the district court granted Oliver's motion to sever and remand his claims, but retained jurisdiction over and stayed CMC's third-party claims. As the court explained in the memorandum opinion accompanying the Order, its discretion to decline to exercise supplemental jurisdiction over a state law claim is circumscribed by § 1367(c), under which "a declination is permitted only when," inter alia, "the claim 'substantially predominates over' the claim [that accords] original or removal jurisdiction." *See Oliver v. Campbell-McCormick, Inc.*, No. 1:16-cv-

01057, at 4, 2016 WL 3878492 (D. Md. July 18, 2016), ECF No. 105 (the "Opinion") (quoting 28 U.S.C. § 1367(c)). Importantly, the federal contractor defense is the only source of federal jurisdiction herein, because CMC's third-party claims are based entirely on Maryland state law, i.e., the UCATA. The Opinion deemed severance and remand of Oliver's state law claims to be appropriate, in that those claims "substantially predominate over the federal contractor defense that gives this court original jurisdiction." *Id.* The court emphasized that the federal contractor defense "would become relevant only if the defendants are found to be liable for Oliver's *state law* causes of action." *Id.* at 5.

Additionally, the Opinion recognized that the district court's discretion is circumscribed by case law, but found that the relevant " 'principles of economy, convenience, fairness, and comity' " further "support severance and remand." *See* Opinion 4, 6 (quoting *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001)). For example, the Opinion reasoned that the "court must respect Maryland's prerogative to apply its own laws, as well as the plaintiff's desire to litigate issues of Maryland law in the Maryland state courts." *Id.* at 6 (alterations and internal quotation marks omitted). The Opinion also pointed to Oliver's looming October 6, 2016 state court trial date and his then-grim medical prognosis. *Id.* at 6 & n.4 (observing that "Oliver is more likely to have his day in court before his health significantly declines if the case is remanded"). Rejecting the defendants' protestations of prejudice, the Opinion recognized that Maryland's

---

**1.** Plaintiff Oliver died in July 2016, after the district court entered the Order. Thus, Oliver's personal representatives, June R. Stearns and Clifford Oliver, are now appellees. We refer to them herein as "Oliver."

**2.** In addition to GE, the third-party defendants are the following: Atwood & Morrill

Co., Inc.; Manville Trust Personal Injury Settlement Trust; Aurora Pump; Crane Co.; Ingersoll-Rand Co., Inc.; Johnson Controls, Inc.; Marotta Controls, Inc.; The Nash Engineering Company; The Weir Group; Velan Valves Corp.; Viking Pump; and Warrant Pumps, Inc.

highest court had interpreted the UCATA as allowing a defendant to initiate a contribution claim in a separate action even after a judgment is entered in the main action. *Id.* at 7 (citing *Mercy Med. Ctr. v. Julian*, 429 Md. 348, 56 A.3d 147, 163 (2012) (noting that the UCATA does not provide "that a cross-claim for contribution must be asserted in the original action")). The Opinion reasoned that, if CMC "could sue the third-party defendants after a judgment was entered in the main action, then [CMC] and the third-party defendants cannot argue that they will be prejudiced by this court's decision to sever and remand all but the third-party claims." *Id.* Consistent with its Opinion, the court's Order administratively closed the litigation in the District of Maryland, "subject to reopening as warranted to pursue third-party claims." *See* Order 1.

█ CMC timely noted this appeal, summarily asserting that this Court possesses jurisdiction under 28 U.S.C. § 1291. Nevertheless, "before we consider the merits of an appeal, we have an independent obligation to verify the existence of appellate jurisdiction." *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). Consequently, prior to oral argument, we directed the parties to file supplemental briefs explaining the theory of § 1291 jurisdiction—such as the collateral order doctrine—that entitles us to review the district court's Order.

## II.

In its supplemental appellate brief, CMC contends that a remand order based upon a district court's declination of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) is considered to be a final, appealable decision under 28 U.S.C. § 1291—because it either ends the federal litigation on the merits or qualifies for review under the collateral order doctrine. CMC specifically relies on the collateral order doctrine for our jurisdiction in this appeal from the district court's Order. For his part, Oliver contests this Court's § 1291 jurisdiction, but his supplemental brief only cursorily addresses the potential applicability of the collateral order doctrine.

### A.

█ It is true "that a remand order based on § 1367(c) is appealable as a final order pursuant to § 1291." *See Bryan v. BellSouth Commc'ns*, 377 F.3d 424, 428 (4th Cir. 2004); *see also* 28 U.S.C. § 1291 (providing that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States").[3] The jurisdictional question before us is whether the district court's Order constitutes a final decision within the meaning of § 1291. We have recognized that, "[o]rdinarily, a district court order is not final until it has resolved all claims as to all parties." *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). That is, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the

---

3. The principle that a remand order predicated on § 1367(c) is appealable under § 1291 as a final decision stands in contrast to 28 U.S.C. § 1447(d)'s prohibition against appeal of a remand order premised on § 1447(c). *See Bryan*, 377 F.3d at 428 (explaining that "§ 1447(d) refers only to those situations in which a court has directed a remand for the reasons set forth in § 1447(c); that is, a defect in removal or lack of subject matter jurisdiction" (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996))). Importantly, "[r]emand orders that are not subsumed under the § 1447(d) prohibition may be appealed pursuant to 28 U.S.C. § 1291." *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 614 (4th Cir. 2001).

judgment." *See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs*, —— U.S. ——, 134 S.Ct. 773, 779, 187 L.Ed.2d 669 (2014) (internal quotation marks omitted). For example, if the Order had dismissed CMC's third-party claims in conjunction with remanding Oliver's claims, the Order would constitute a final decision because there would be no claims left to pursue in federal court. Instead, however, the district court retained jurisdiction over and stayed the third-party claims, leaving those claims to be resolved at a later time. Accordingly, the Order does not constitute a final decision as generally understood for purposes of § 1291.[4]

The collateral order doctrine, however, provides another potential avenue for this Court to possess § 1291 jurisdiction. Initially articulated in 1949 by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, the collateral order doctrine identifies a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *See Cohen*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In order to qualify for collateral order review, an order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *See Will v. Hallock*, 546 U.S. 345, 349, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006) (alterations in original) (internal quotation marks omitted). All three of

those "stringent" requirements must be satisfied for the collateral order doctrine to apply. *See S.C. State Bd. of Dentistry v. FTC*, 455 F.3d 436, 441 (4th Cir. 2006). Indeed, the Supreme Court has "repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule ... that a party is entitled to bring a single appeal, to be deferred until final judgment has been entered." *See Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 869, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982)); *see also Will*, 546 U.S. at 350, 126 S.Ct. 952 (explaining that, "although the Court has been asked many times to expand the small class of collaterally appealable orders, we have instead kept it narrow and selective in its membership" (internal quotation marks omitted)).

In assessing whether an appeal qualifies for review under the collateral order doctrine, "[t]he importance of the right asserted has always been a significant part" of the analysis. *See Will*, 546 U.S. at 352, 126 S.Ct. 952 (quoting *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 502, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (Scalia, J., concurring)). The importance factor "finds expression in two of the three traditional *Cohen* conditions." *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009). Clearly, importance is part of the second *Cohen* requirement, which calls for an "important issue completely separate from the merits of the action." *See Will*, 546 U.S. at 349, 126 S.Ct. 952. Additionally, the third *Cohen* requirement "simply cannot be an-

---

4. Our analysis of the jurisdictional question is not altered by the fact that the Order administratively closed the case in the district court, subject to reopening as warranted to pursue third-party claims. As we have recognized,

"an otherwise nonfinal order does not become final because the district court administratively closed the case after issuing the order." *See Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 295 (4th Cir. 2008).

swered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." *See Digital Equip.*, 511 U.S. at 878-79, 114 S.Ct. 1992. That is, the Supreme Court has assessed the third requirement—whether an order would be effectively unreviewable on appeal from a final judgment—by considering whether delaying review "would imperil a substantial public interest" or "some particular value of high order." *See Will*, 546 U.S. at 352-53, 126 S.Ct. 952.

## B.

Our analysis of whether the district court's Order qualifies for review under the collateral order doctrine is further informed by the Supreme Court's decisions in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). *In Moses H. Cone*, the district court had entered an order under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), staying a federal diversity suit pending completion of a declaratory judgment action that had been filed in state court. The Supreme Court concluded that the abstention-based stay order was appealable under the collateral order doctrine. *See Moses H. Cone*, 460 U.S. at 11-13, 103 S.Ct. 927. Thereafter, relying on the *Moses H. Cone* decision, the *Quackenbush* Court deemed the collateral order doctrine applicable to the district court order before it: an order remanding a diversity action to state court under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). As the Court explained, the "order remanding on grounds of *Burford* abstention is in all relevant respects indistinguishable from the stay order we found to be appealable

in *Moses H. Cone*." *See Quackenbush*, 517 U.S. at 714, 116 S.Ct. 1712.

Satisfying the first *Cohen* requirement, the district court orders conclusively determined the disputed abstention issues, in that the *Moses H. Cone* stay order was "the practical equivalent of an order dismissing the case," and that the *Quackenbush* remand order "disassociate[d] [the district court] from the case entirely." *See Quackenbush*, 517 U.S. at 713-14, 116 S.Ct. 1712. Each of the district court orders met the second *Cohen* requirement by, inter alia, "conclusively determin[ing] an issue that [was] separate from the merits, namely, the question whether the federal court should decline to exercise its jurisdiction in the interest of comity and federalism." *Id.* at 714, 116 S.Ct. 1712; *see also Moses H. Cone*, 460 U.S. at 12, 103 S.Ct. 927 (explaining that "[a]n order that amounts to a refusal to adjudicate the merits plainly presents an important issue separate from the merits"). In partial satisfaction of the third *Cohen* requirement, the *Moses H. Cone* stay order "could not be reviewed on appeal from a final judgment in the federal action because the district court would be bound, as a matter of res judicata, to honor the state court's judgment." *See Quackenbush*, 517 U.S. at 713, 116 S.Ct. 1712. Moreover, neither that order nor the *Quackenbush* remand order would "be subsumed in any other appealable order entered by the [district court]." *Id.* at 714, 116 S.Ct. 1712.

Finally, the rights asserted in the *Moses H. Cone* and *Quackenbush* appeals were deemed sufficiently important to meet the importance aspect of the second and third *Cohen* requirements. In particular, the *Quackenbush* Court pointed to the "strict duty" of federal courts "to exercise the jurisdiction that is conferred upon them by Congress," as well as the "exceptional cir-

cumstances" necessary for a proper abstention. *See* 517 U.S. at 716, 116 S.Ct. 1712 (internal quotation marks omitted). The Court explained that an abstention ruling

> balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interest in maintaining uniformity in the treatment of an essentially local problem and retaining local control over difficult questions of state law bearing on policy problems of substantial public import.

*Id.* at 728, 116 S.Ct. 1712 (internal quotation marks omitted) (discussing *Colorado River* and *Burford*). As the Court emphasized, that "balance only rarely favors abstention." *Id.* (describing *Burford* abstention as "an 'extraordinary and narrow exception'" (quoting *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236)).

### C.

Even accepting the proposition that the other *Cohen* requirements of the collateral order doctrine are satisfied, we are unable to conclude that the right asserted by CMC is sufficiently important to qualify for collateral order review. That is, we can assume that the district court's Order conclusively determined the disputed question of whether Oliver's claims should be severed and remanded (in satisfaction of the first *Cohen* requirement); resolved that question completely separate from the merits of the claims (meeting part of the second *Cohen* requirement); and is effectively unreviewable on appeal from a final judgment as to CMC's remaining third-party claims (satisfying part of the third *Cohen* requirement). *Cf. Quackenbush*, 517 U.S. at 713-14, 116 S.Ct. 1712; *Moses H. Cone*, 460 U.S. at 11-13, 103 S.Ct. 927. We cannot, however, as we have heretofore emphasized, discount the importance aspect of the collateral order doctrine. Otherwise, "we would be ignoring Supreme Court authority." *See Cobra Natural Res., LLC v. Fed. Mine Safety & Health Review Comm'n*, 742 F.3d 82, 91 n.13 (4th Cir. 2014).

As we explained in *Cobra*, the Supreme Court has assessed importance—particularly with respect to the third *Cohen* requirement—"by first combing its precedent to identify recurring characteristics that merit collateral order appealability, and then comparing those characteristics to the proceeding at hand." *See* 742 F.3d at 91. In addition to *Moses H. Cone* and *Quackenbush*, appeals involving rights that the Court has deemed important enough to merit collateral order review include the following: *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (the right to avoidance of double jeopardy); *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982) (the President's right to immunity from civil damages liability); *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (the right of a public official to qualified immunity); and *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (the right of a State or state entity to Eleventh Amendment immunity from suit in federal court). By contrast, the Supreme Court has found not sufficiently important a pretrial discovery order rejecting an attorney-client privilege claim (*Mohawk*), a pretrial order rejecting application of the Federal Tort Claims Act's judgment bar (*Will*), and a court ruling that declined to enforce a settlement agreement in a trademark case (*Digital Equipment*).

■ Simply put, the right asserted by CMC in this appeal—the right to keep Oliver's state law claims in federal court pursuant to 28 U.S.C. § 1367—"pales in

comparison to those interests that have been deemed sufficiently important to give rise to collateral order jurisdiction," and even to some interests (such as the attorney-client privilege) that have been ruled insufficiently important. *Cf. Cobra*, 742 F.3d at 92 (concluding that coal operator's financial interest in avoiding wage payments to reinstated miner was not important enough to merit collateral order review). Indeed, CMC's importance argument is merely that an adjudication of Oliver's claims in federal court would enhance fairness and judicial economy and prevent inconsistent verdicts. CMC's argument does not persuade us to expand today the "narrow and selective" class of collaterally appealable orders. *See Will*, 546 U.S. at 350, 126 S.Ct. 952.

That the right asserted by CMC is insufficiently important for our immediate review is amply illustrated by *Moses H. Cone* and *Quackenbush*. In those cases, district courts had abstained from exercising original federal jurisdiction in decisions rendered amidst an abundance of precedent emphasizing the "exceptional circumstances" necessary for a proper abstention. *See Quackenbush*, 517 U.S. at 716, 116 S.Ct. 1712; *see also, e.g., Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (recognizing that "there is little or no discretion to abstain in a case which does not meet traditional abstention requirements" (internal quotation marks omitted)). Here, by contrast, the district court simply declined—in its much broader discretion—to exercise supplemental jurisdiction over pendent state law claims. That is, although a court's remand decision is somewhat circumscribed by § 1367(c) and relevant case law, the court yet "enjoy[s] wide latitude in determining whether or not to retain jurisdiction over state claims." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (explaining that "[t]he doctrine of supplemental jurisdiction 'thus is a doctrine of

flexibility designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988))).

In these circumstances, CMC is unable to show how our failure to review the Order severing and remanding Oliver's claims would endanger "a substantial public interest" or "some particular value of high order." *See Will*, 546 U.S. at 352-53, 126 S.Ct. 952. The collateral order doctrine therefore is not satisfied.

### III.

Pursuant to the foregoing, we lack jurisdiction in this appeal and are obliged to dismiss it.

*APPEAL DISMISSED*