**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2059

JAMES B. SKELTON, a/k/a James Bennie Skelton,

        Plaintiff - Appellant,

          v.

HENRY MCMASTER, Governor,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:18-cv-02011-MBS)

Submitted:  February 22, 2019               Decided:  March 11, 2019

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

James B. Skelton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James B. Skelton seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing Skelton's complaint without prejudice and without issuance and service of process. "[W]e have an independent obligation to verify the existence of appellate jurisdiction." *Campbell-McCormick, Inc. v. Oliver*, 874 F.3d 390, 394 (4th Cir. 2017) (internal quotation marks omitted). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545-46 (1949). "An order dismissing a complaint without prejudice is not an appealable final order under § 1291 if the plaintiff could save his action by merely amending his complaint"; however, "if the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact and therefore appealable." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (internal quotation marks omitted); *see Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

The district court dismissed Skelton's complaint without prejudice and without issuance and service of process but did not specify on which of the three grounds identified by the magistrate judge it relied. In addition, nothing in the district court's order foreclosed the possibility that Skelton could cure the pleading deficiencies in the complaint. *See Goode*, 807 F.3d at 624 (holding that this court lacks jurisdiction over appeals "in cases in which the district court granted a motion to dismiss for failure to

2

plead sufficient facts in the complaint . . . because the plaintiff could amend the complaint to cure the pleading deficiency"). Because an amendment could potentially cure the pleading defects the district court identified in Skelton's complaint, the district court's order is not a final order appealable under § 1291, and we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court with instructions to allow Skelton to amend his complaint. *See id.* at 630. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*