**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2506**

LEE OLIVER,

Plaintiff - Appellant,

v.

ELIZABETH BARTHOLOMEW, Staff to the Sexual Offender Advisory Board, in her Individual Capacity; STEPHEN T. MOYER, Secretary of Public Safety & Correctional Services, in his Individual Capacity; MONTGOMERY COUNTY,

Defendants - Appellees,

and

GREGG L. HERSHBERGER, Former Secretary of Public Safety & Correctional Services, In his Individual Capacity; GARY D. MAYNARD, Former Secretary of Public Safety & Correctional Services, In his Individual Capacity; MARY ANN SAAR, Former Secretary of Public Safety & Correctional Services, In her Individual Capacity; STUART O. SIMMS, Former Secretary of Public Safety & Correctional Services, In his Individual Capacity; SHELLEY LIPTON, Montgomery County Police Department Sex Offender Registry Unit, In her Individual Capacity; DETECTIVE M. PARKER, Montgomery County Police Department Sex Offender Registry Unit, In his Individual Capacity; JIM CUNNINGHAM, Montgomery County Police Department Sex Offender Registry Unit, In his Individual Capacity; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; SEXUAL OFFENDER ADVISORY BOARD,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:18-cv-00323-CCB)

Submitted: November 20, 2019             Decided: November 25, 2019

-----

Before MOTZ and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

-----

Affirmed by unpublished per curiam opinion.

-----

Breon L. Johnson, LAW OFFICE OF BREON L. JOHNSON, Rosedale, Maryland, for Appellant. Brian E. Frosh, Attorney General, Michael O. Doyle, Assistant Attorney General, Edward J. Kelley, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Towson, Maryland; Marc P. Hansen, County Attorney, John P. Markovs, Deputy County Attorney, Edward B. Lattner, Chief, Division of Government Operations and Appeals, Patricia Lisehora Kane, Chief, Division of Litigation, Erin J. Ashbarry, Associate County Attorney, OFFICE OF THE COUNTY ATTORNEY, Rockville, Maryland, for Appellees.

-----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Oliver appeals the district court's order granting Defendants' motions to strike his amended complaint and denying his motion for leave to amend the complaint.* On appeal, Oliver argues that the district court erroneously concluded that his 42 U.S.C. § 1983 (2012) claims were futile and, in the alternative, abused its discretion in exercising supplemental jurisdiction over his state law claims. We affirm.

A party may amend a pleading once as a matter of right within 21 days of service of the pleading or of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend should be freely given when justice so requires, . . . [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (brackets and internal quotation marks omitted). We generally review a district court's decision to deny leave to amend for abuse of discretion. *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014). When a district court denies a motion to amend on the ground of futility, however, we review the district court's legal conclusions de novo. *Id.* Upon a review of the record, we find no error in the

---

* To the extent Oliver also appeals the district court's grant of Defendants' motions to dismiss his original complaint, we affirm for the reasons stated by the district court. *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, No. 1:18-cv-00323-CCB (D. Md. Nov. 28, 2018).

3

district court's conclusion that the proposed amendment of Oliver's § 1983 claims was futile. We therefore affirm the district court's decision to strike the amended complaint and deny Oliver leave to amend as to these claims.

Oliver next argues that, even if his federal claims were properly rejected, the district court erred in exercising supplemental jurisdiction over his state law claims. We disagree. The district court "enjoys wide latitude in determining whether or not to retain jurisdiction over state claims." *Campbell-McCormick, Inc. v. Oliver*, 874 F.3d 390, 398 (4th Cir. 2017) (brackets and internal quotation marks omitted); *see also* 28 U.S.C. § 1367 (2012). "The doctrine of supplemental jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (internal quotation marks omitted). In deciding whether to retain jurisdiction, courts consider judicial economy, convenience, and fairness to the parties. *Crosby v. City of Gastonia*, 635 F.3d 634, 644 n.11 (4th Cir. 2011).

Here, each of the factors weighed in favor of retaining jurisdiction: Oliver brought the claims in federal court in the first instance, the factual allegations supporting the state law claims were identical to the allegations supporting the federal claims, the issues had already been briefed, and the state law questions were not novel or complex. Accordingly, the district court did not abuse its discretion in retaining supplemental jurisdiction over the state law claims. Finally, to the extent Oliver raises this on appeal, we conclude that the district court did not err in its substantive determination that the state law claims were without merit.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*