**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-2280**

———————————

ISAI RIVAS DUBON,

        Plaintiff – Appellant,

    v.

UR M. JADDOU, Director, United States Citizenship and Immigration Services,

        Defendant – Appellee.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:22-cv-00447-LCB-JLW)

———————————

Argued:  January 24, 2024                    Decided:  July 29, 2024

———————————

Before HARRIS, RICHARDSON, and HEYTENS, Circuit Judges.

———————————

Motion to dismiss appeal granted by published opinion.  Judge Harris wrote the opinion, in which Judge Richardson and Judge Heytens joined.

———————————

**ARGUED:**  Bradley B. Banias, BANIAS LAW, LLC, Charleston, South Carolina, for Appellant.  Brandon D. Zeller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Sandra J. Hairston, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

PAMELA HARRIS, Circuit Judge:

Isai Rivas Dubon, a non-citizen who has applied for naturalization, seeks to appeal a district court order issued under 8 U.S.C. § 1447(b) remanding his application to the United States Citizenship and Immigration Services for a decision on the merits. The government moved to dismiss Dubon's appeal for lack of jurisdiction, arguing that a remand order under § 1447(b) is neither a final decision nor otherwise appealable under the collateral order doctrine. We agree with the government and therefore dismiss Dubon's appeal.

## I.

Isai Rivas Dubon, a native and citizen of Honduras, entered the United States without inspection or admission in or around January 1999. Shortly thereafter, the government placed Dubon in removal proceedings, and in May 2000, Dubon was ordered removed. For reasons that are unclear from the record, the government never executed this removal order and Dubon remained in the country.

Years later and after successfully petitioning for adjustment of status, Dubon became a lawful permanent resident. Once he had lived in the United States with that status for five years, Dubon filed for naturalization in August 2020. *See* 8 U.S.C. § 1427(a)(1) (establishing five-year residency requirement for lawful permanent residents seeking naturalization). In his application, Dubon explained that although he had been arrested the year prior for violating a domestic violence protection order, the accompanying charge had

ultimately been dismissed. *Cf.* 8 U.S.C. § 1427(a)(3) (requiring that naturalization applicant be of "good moral character" during five-year period preceding application).

The United States Citizenship and Immigration Services ("USCIS") began to process Dubon's citizenship application, and in March 2021, the agency interviewed Dubon for naturalization. *See* 8 U.S.C. § 1446(b). But for the next 14 months, Dubon alleges, the agency took no action.

Faced with this delay, Dubon filed the instant suit in federal district court in June 2022, invoking 8 U.S.C. § 1447(b). Under that provision, a naturalization applicant may seek a hearing and decision from a district court if there has been a prolonged delay at USCIS – specifically, if USCIS fails to adjudicate an application within 120 days of conducting an examination. Once an applicant files in court for a hearing, the court assumes jurisdiction, and "may either determine the matter [itself] or remand the matter" to USCIS "with appropriate instructions." 8 U.S.C. § 1447(b).

Dubon urged the district court to decide his naturalization application itself. The government, on the other hand, moved the district court to remand the matter back to the agency, committing that USCIS would adjudicate Dubon's petition within fifteen days of such an order. To explain its previous delay, USCIS pointed to Dubon's removal order from 2000, which had come to the agency's attention during its review of Dubon's application. That order was eventually terminated at Dubon's request, but not until August 2022 – and while the order was still in effect, the agency told the district court, it was barred by statute from granting Dubon's application. *See* 8 U.S.C. § 1429 (prohibiting

3

naturalization of applicants subject to "a final finding of deportability pursuant to a warrant of arrest").

The district court agreed with USCIS. On November 15, 2022, the court issued an order granting the agency's remand motion and instructing it to decide Dubon's application within 15 days. *Dubon v. Jaddou*, No. 1:22CV447, 2022 WL 16949734, at *6 (M.D.N.C. Nov. 15, 2022). As the district court explained, under § 1447(b), whether to rule on an application itself or remand to USCIS is a matter of court discretion. *Id.* at *1. But in most cases, courts elect to remand to the agency, *id.* at *2, taking advantage of USCIS's "special expertise" and conserving judicial resources, *id.* at *4. And there was no reason to depart from that practical approach here, the court determined: The agency had identified a good reason for its delay, and it had assured the court that it could issue a quick decision on remand. *Id.* at *2. Under those circumstances, the court concluded, it was appropriate to remand the matter to USCIS – "the agency to which Congress gave primary responsibility for adjudicating naturalization applications." *Id.* at *4.

Consistent with the district court's 15-day window, USCIS adjudicated Dubon's application six days later, denying naturalization on November 21, 2022. The problem was Dubon's 2019 charge for violating a domestic violence protection order. Although the charge ultimately had been dismissed, the agency determined that Dubon's arrest and admission of guilt constituted a "conviction" as defined by immigration law. *See* 8 U.S.C. § 1101(a)(48)(A). That meant, according to the agency, that Dubon had committed an unlawful act in the statutory five-year period and could not demonstrate the "good moral character" required for naturalization. *See* 8 U.S.C. § 1427(a)(3). The agency filed a notice

4

of compliance with the district court, informing the court of its prompt decision, and the court then issued a judgment terminating Dubon's action.

Dubon timely appealed, challenging the district court's remand order on the ground that the agency had not shown good cause for its prior delay.  The government moved to dismiss his appeal for lack of jurisdiction, and Dubon responded, opposing the motion. After we calendared the case for argument, the government filed a brief reiterating its position on jurisdiction and, in the alternative, defending the district court's remand order on the merits.

## II.

It is important to be clear about the nature of Dubon's appeal.  Dubon is not appealing the denial of his naturalization application by USCIS – an appeal that would run first through an administrative hearing before a reviewing officer and then through federal district court.  *See* 8 U.S.C. § 1447(a) (providing for administrative review of denial by hearing officer); 8 U.S.C. § 1421(c) (providing for review of denial by district court after exhaustion of administrative remedies); *Etape v. Chertoff*, 497 F.3d 379, 386 (4th Cir. 2007).[1]  Instead, he seeks review of the district court's remand order under § 1447(b), arguing that the agency's prior delay was unjustified and that he was therefore entitled to have his application decided by the district court.  Whatever the merits of that argument,

---

[1] We thus have no occasion to address the merits of Dubon's naturalization application.  Nor do we express a view as to whether or how the normal course of an appeal from a denial of naturalization may be affected by Dubon's appeal to this court.

5

we may consider it only if our appellate jurisdiction extends to a § 1447(b) remand order. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (emphasizing court's obligation to confirm its appellate jurisdiction before considering the merits of an appeal).

Dubon advances two grounds on which we might have jurisdiction to review the district court's remand order. First, Dubon argues, a § 1447(b) remand is a "final decision" generally appealable under 28 U.S.C. § 1291; and second, even if it is not, we may review it under the collateral order doctrine.[2] But Dubon can point to no case in which an appellate court has reviewed a § 1447(b) remand – under either of those theories or any other – and we have located no such authority. Instead, it seems clear that a district court remand order under § 1447(b) is neither a final order nor an appealable collateral order. We thus grant the government's motion to dismiss this appeal for want of jurisdiction.

**A.**

Section 1291 gives us jurisdiction over appeals from "final decisions" of the district courts in our circuit. 28 U.S.C. § 1291; *see Britt v. DeJoy*, 45 F.4th 790, 792 (4th Cir. 2022). A "final decision" is generally "one which ends the litigation on the merits." *Britt*, 45 F.4th at 792 (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). On the flip side, "so long as the matter remains open, unfinished or inconclusive," there is no final

---

[2] In his initial opening brief, Dubon identified a different provision, 28 U.S.C. § 1292, as the source of our jurisdiction over his appeal. But as the government points out, the only subsection of § 1292 with any possible relevance would be subsection § 1292(b) – and that subsection allows for review of interlocutory orders only when the district court has certified an appeal, which did not happen here. We take Dubon to have conceded this point, as he does not return to § 1292 in his jurisdictional briefing.

decision under this definition, and there ordinarily can be "no intrusion by appeal." *Id.* (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)) (cleaned up).

Simply stating the standard may be enough to explain why it is not met here. The district court's remand order did not "end the litigation on the merits" of Dubon's naturalization petition. It did the opposite: It declined to address the merits at all, and instead provided for *further* adjudication of the merits before the agency. When the district court issued its order, in other words, a determination on the crucial issue in this litigation – Dubon's eligibility to naturalize – was yet to come. And because that question remained "open" and "unfinished," the district court's § 1447(b) remand was not a "final decision" as that term generally is defined under § 1291.

Indeed, we said as much in *Ge v. United States Citizenship & Immigration Services*, 20 F.4th 147, 154 (4th Cir. 2021), where we described a § 1447(b) remand order as "clearly interlocutory," rather than final. Again, the point seemed to us straightforward: A § 1447(b) remand does not determine the merits of a naturalization petition; instead, it requires USCIS to "conduct further proceedings" in which the *agency* will determine the merits. *Id.*; *see also id.* at 155 (explaining that remand order did not "rule on the merits" but rather "established a *procedure* by which the merits decision could be made promptly" by USCIS). It is true, as Dubon argues, that the *Ge* case arose in a different context, and considered whether a § 1447(b) remand order was enough to make a plaintiff a "prevailing party" for purposes of obtaining attorneys fees. *Id.* at 150. But the prevailing-party standard, which asks in part whether a plaintiff obtained a "judgment on the merits," overlaps substantially with the finality standard under § 1291, *id.* at 153-54 – which is why

7

it mattered to the *Ge* court's decision that a § 1447(b) remand order is obviously "interlocutory and not appealable," *id.* at 154.

In any event, our analysis in *Ge* is consistent with the broader rule, well established in the courts of appeals, that a district court decision remanding a case to an agency for further consideration is interlocutory, not a "final" order generally appealable under § 1291. *See Occidental Petroleum Corp. v. S.E.C.*, 873 F.2d 325, 329-30 (D.C. Cir. 1989) (collecting cases); *Shipbuilders Council of Am. v. U.S. Coast Guard*, 578 F.3d 234, 239 (4th Cir. 2009) (describing circuit court consensus). So case law as well as common sense dictates that the district court's § 1447(b) remand order was not a "final decision" as "generally understood for purposes of § 1291." *See Campbell-McCormick, Inc. v. Oliver*, 874 F.3d 390, 395 (4th Cir. 2017).

## B.

Dubon points us next to the collateral order doctrine, a "practical construction" of § 1291's "final decision rule," *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 872 (1994), under which a "small class" of decisions that do not end the litigation on the merits may still qualify for appellate review, *Campbell-McCormick*, 874 F.3d at 395 (quoting *Cohen*, 337 U.S. at 546). To fall within this category, a district court order must satisfy three "stringent" requirements: It must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.*

As the Supreme Court has repeatedly admonished, this is a narrow exception that "must 'never be allowed to swallow the general rule that a party is entitled to a single

8

appeal, to be deferred until final judgment has been entered.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Dig. Equip.*, 511 U.S. at 868). That general rule serves important interests, and only a "sufficiently strong" justification for an immediate appeal can "overcome the usual benefits of deferring appeal until litigation concludes." *Id.* at 106-07. This "importance" factor is expressed in both the second and third collateral order requirements. *Campbell-McCormick*, 874 F.3d at 395-96; *see Mohawk*, 558 U.S. at 107. The second, obviously, calls for an "important issue" separate from the merits; and the third, focused on reviewability at the close of litigation, is satisfied only if applying the general final-decision rule would "imperil a substantial public interest or some particular value of a high order." *Mohawk*, 558 U.S. at 105-07 (internal quotation marks omitted); *see also Dig. Equip.*, 511 U.S. at 878-79; *Campbell-McCormick*, 874 F.3d at 395-97.

Applying this rigorous standard, the courts of appeals – including ours, *see Shipbuilders*, 578 F.3d at 239-40 – have uniformly concluded that a district court order remanding a case to an agency for further proceedings typically does not qualify as an appealable collateral order. *See Occidental Petroleum*, 873 F.2d at 329-30; *Shipbuilders*, 578 F.3d at 239 (describing uniform case law). That is because no important interest is lost if review is postponed until the conclusion of litigation; a party "claiming to be aggrieved by final agency action can appeal, if still aggrieved," after a final decision. *Occidental Petroleum*, 873 F.2d at 330. So too here: As we have noted already, an applicant like Dubon, denied naturalization by the agency after a § 1447(b) remand, may appeal that denial up through the agency and to the courts. *See* 8 U.S.C. §§ 1447(a),

9

1421(c).  A § 1447(b) remand thus fits comfortably within our general rule that remands to agencies fall outside the scope of the collateral order doctrine.  *See Shipbuilders*, 578 F.3d at 239-40; *see also Ge*, 20 F.4th at 154 (describing § 1447(b) remand order as both interlocutory and "not appealable").[3]

Dubon does not meaningfully dispute any part of this analysis.  Instead, he argues that an interlocutory appeal is necessary to vindicate a different interest:  not his interest in naturalization, but his interest in having his naturalization petition decided first by the district court rather than the agency.  The district court made that impossible when it remanded his application to USCIS, Dubon says, and because that remand decision will not be reviewable on appeal from the final denial of naturalization, he should be permitted to pursue this interlocutory appeal instead.  We disagree.

First, Dubon's argument is hard to square with our precedent.  As described above, we have made clear that a district court order remanding a case to an agency for further proceedings is generally not appealable under the collateral order doctrine.  *Shipbuilders*, 578 F.3d at 239.  If an interest in bypassing those agency proceedings and a remand order unreviewable at a later date were enough to justify a collateral-order appeal, as Dubon posits, then little would remain of our general rule against such appeals.

---

[3] We, like other circuits, have made an exception to the otherwise "blanket rule" against interlocutory review of agency remand orders for cases in which the federal agency itself brings an appeal, to challenge a standard imposed by the district court that would be "effectively unreviewable" after final resolution of the merits.  *See Shipbuilders*, 578 F.3d at 239-40.  That exception plainly has no application here.

10

Second, even if we were writing on a clean slate, we would find Dubon's position unpersuasive, because the interest at stake on this theory – Dubon's interest in avoiding a remand to the agency and instead having the district court take a first pass at the merits of his naturalization petition – is not "sufficiently important to qualify for collateral order review." *Campbell-McCormick*, 874 F.3d at 397 (explaining that even an order "effectively unreviewable on appeal from a final judgment" gives rise to collateral-order jurisdiction only if that denial of review would implicate a "sufficiently important" right or interest). Under the process established by Congress, an applicant's appeal of a final agency denial of naturalization is reviewed de novo by the district court, without deference to the agency determination. 8 U.S.C. § 1421(c) (providing that district courts shall review denials "de novo," making their "own findings of fact and conclusions of law"); *see Etape*, 497 F.3d at 386-87. So whether the district court goes first (as Dubon would like) or second (after an agency remand), the end result is the same: Dubon gets a de novo district court decision on his eligibility for naturalization. And while the route to that result may be longer and more costly if it involves a remand to the agency, as Dubon argues, that kind of incidental burden "pales in comparison to those interests that have been deemed sufficiently important to give rise to collateral order jurisdiction." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Rev. Comm'n*, 742 F.3d 82, 92 (4th Cir. 2014); *see Mohawk*, 558 U.S. at 107 ("That a ruling may burden litigants in ways that are only imperfectly

11

reparable by appellate reversal of a final district court judgment . . . has never sufficed." (internal quotation marks omitted)).[4]

* * *

In sum, we agree with the government that we lack jurisdiction over this appeal because the district court's § 1447(b) remand order is neither a final decision nor appealable under the collateral order doctrine.  But that does not mean, as Dubon argues, that there is no judicial check on agency delays associated with naturalization applications. Section 1447(b) empowers district courts to ensure that "applicants [have] judicial recourse" when the agency fails to act in a timely manner.  *Etape*, 497 F.3d at 386.  And district courts take that obligation seriously, denying remand motions under § 1447(b) when there has been unexplained delay, or when the agency fails to commit to a prompt resolution.  *See*, *e.g.*, *Grey v. Cissna*, 413 F. Supp. 3d 466, 470-72 (D.S.C. 2019) (denying remand motion where USCIS failed to provide good reason for delay or to assure a prompt resolution on remand); *Taalebinezhaad v. Chertoff*, 581 F. Supp. 2d 243, 246 (D. Mass. 2008) (collecting cases).  We appreciate that Dubon disagrees with the assessment of the district court that USCIS had "good reason" for its earlier delay in his case.  *Dubon*, 2022 WL 16949734, at *2-3.  But that is not warrant for us to overstep the bounds of our

---

[4] Because Dubon cannot satisfy the "importance aspect" of the collateral order doctrine, we need not consider whether he satisfies the doctrine's other requirements – whether, for instance, the district court's § 1447(b) remand order resolved a question "completely separate from the merits" of Dubon's naturalization application, or whether Dubon is correct that the remand order would be "effectively unreviewable on appeal" from a denial of naturalization.  *See Campbell-McCormick*, 874 F.3d at 397.

jurisdiction, and we continue to entrust these important but interlocutory rulings to the district courts.

## III.

For the foregoing reasons, the government's motion to dismiss this appeal for lack of appellate jurisdiction is granted.

*MOTION TO DISMISS APPEAL GRANTED*