# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 23, 2019        Decided May 28, 2019

No. 18-7068

DEBORAH A. TRUDEL, ET AL.,
APPELLANTS

v.

SUNTRUST BANK, ALSO KNOWN AS SUNTRUST BANKS, INC., ET
AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-01966)

*George A. Lambert* argued the cause and filed the briefs for appellants.

*Bradford S. Bernstein* argued the cause and filed the brief for appellees.

Before: ROGERS, MILLETT, and KATSAS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KATSAS.

KATSAS, *Circuit Judge*:   In this diversity action, we consider accounting and fraudulent-concealment claims arising from the loss of funds deposited into a Florida bank account more than two decades ago.

I

Yevgenyi Scherban, a Ukrainian national, opened a savings account at a Boca Raton branch of defendant SunTrust Bank in the mid-1990s.  Scherban deposited over a million dollars into the account and designated his wife and son as its beneficiaries.   The money disappeared under mysterious circumstances, sometime between the deaths of Scherban and his wife in November 1996 and SunTrust's closure of the account in January 2003.

Plaintiffs Deborah Trudel, who represents the decedents' estates, and Ruslan Scherban, Yevgenyi's son, accuse SunTrust of stealing the money or allowing others to do so. SunTrust maintains that the deposits were likely withdrawn by Yevgenyi's former assistant, through no fault of the bank. SunTrust discarded the account records in 2010, which the bank says was consistent with its record-retention policies.

Plaintiffs filed suit against SunTrust in November 2015. Their second amended complaint asserted twelve claims.  The district court dismissed ten of them for untimeliness or failure to state a claim, but it allowed claims for an accounting and for fraudulent concealment to proceed to discovery.  *Trudel v. SunTrust Bank*, 223 F. Supp. 3d 71 (D.D.C. 2016) (*Trudel I*). Later, the court granted SunTrust's motion for summary judgment, *Trudel v. SunTrust Bank*, 288 F. Supp. 3d 239, 246– 53 (D.D.C. 2018) (*Trudel II*), and it denied a series of motions for additional discovery, reconsideration, and leave to amend,

*id.* at 253–56; *Trudel v. SunTrust Bank*, 325 F.R.D. 23 (D.D.C. 2018) (*Trudel III*).

## II

Summary judgment is appropriate if there is no "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A dispute is material if its resolution "might affect the outcome of the suit" and genuine if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We review a summary judgment *de novo*, and, like the district court, we draw all reasonable inferences in favor of the nonmoving party. *Feld v. Fireman's Fund Ins. Co.*, 909 F.3d 1186, 1193 (D.C. Cir. 2018). The parties agree that Florida law governs this case.

## A

Plaintiffs appeal the summary judgment on their claim for an equitable accounting of the disputed funds. "To obtain an accounting under Florida law … a party must show either (1) a sufficiently complicated transaction and an inadequate remedy at law or (2) the existence of a fiduciary relationship." *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1311 & n.22 (11th Cir. 2014). The district court held that there was insufficient evidence to create a genuine dispute on these elements. *Trudel II*, 288 F. Supp. 3d at 246–49. We agree.

In Florida, "[a] bank and its customers generally deal at arm's-length as creditor and debtor, and a fiduciary relationship is not presumed." *Bldg. Educ. Corp. v. Ocean Bank*, 982 So. 2d 37, 40–41 (Fla. 3d DCA 2008). To prove such a relationship, the plaintiff must show "special circumstances" establishing both "some degree of dependency on one side and some degree of undertaking on the other side

to advise, counsel, and protect the weaker party." *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993) (quotation marks omitted); *see Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 541–42 (Fla. 5th DCA 2003); *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So. 2d 204, 208 (Fla. 3d DCA 2003).

Plaintiffs failed to create a genuine dispute about whether this case presents such special circumstances. They note that Scherban and his family spoke little or no English. But even if that were enough to create a genuine dispute regarding dependency, plaintiffs have produced no evidence tending to show that SunTrust undertook to advise, counsel, and protect Scherban or his family.

On appeal, plaintiffs further argue that the disputed transactions were complex enough to warrant an accounting even without a fiduciary relationship. Because plaintiffs failed to raise this argument below, they have forfeited it. *See Chichakli v. Tillerson*, 882 F.3d 229, 234 (D.C. Cir. 2018).

B

Plaintiffs also appeal the summary judgment on their fraudulent-concealment claim. In their second amended complaint, plaintiffs alleged that SunTrust, during this litigation, concealed relationships with contractors who might have records regarding the disputed funds. The district court declined to dismiss this claim as untimely. *Trudel I*, 223 F. Supp. 3d at 83. But after discovery against the contractors failed to yield any relevant records, the court granted summary judgment to SunTrust on the ground that plaintiffs could not establish the essential element of detrimental reliance. *Trudel II*, 288 F. Supp. 3d at 251–53. Plaintiffs do not contest this aspect of the district court's decision.

Instead, plaintiffs advance a different concealment theory—that SunTrust, in the early 2000s, hid Scherban's unclaimed account in violation of Florida's escheat laws. Plaintiffs never pleaded this theory, but first raised it in opposing SunTrust's motion for summary judgment. The district court rejected the theory as forfeited. *Trudel II*, 288 F. Supp. 3d at 249–50. Although embedded in its summary-judgment decision, this preservation ruling is subject to review only for abuse of discretion. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014).

The district court did not abuse its discretion. As that court explained, the theory that plaintiffs sought to pursue (concealment of an unclaimed account in the early 2000s) reflected a "fundamental change" from the theory that they pleaded (concealment of contractor relationships during litigation, almost 15 years later). *Trudel II*, 288 F. Supp. 3d at 249–50 (quotation marks omitted). Moreover, plaintiffs did not raise their new concealment theory until summary-judgment briefing—after the close of an eight-month, twice-extended discovery period. *See id.* at 250, 253–54.

In the alternative, the district court held that Florida's twelve-year statute of repose for fraud claims barred plaintiffs from pursuing their new theory of concealment. The court raised this point *sua sponte*, *Trudel II*, 288 F. Supp. 3d at 250, based on Florida caselaw describing statutes of repose as "jurisdictional" bars to adjudication. *See, e.g.*, *Barnett Bank of Palm Beach Cty. v. Estate of Read*, 493 So. 2d 447, 448 (Fla. 1986) (per curiam); *Lutheran Bhd. Legal Reserve Fraternal Benefit Soc'y v. Estate of Petz*, 744 So. 2d 596, 598 (Fla. 2d DCA 1999). More recently, however, the Florida Supreme Court has described the fraud statute of repose as an affirmative defense that the "defendant has the burden to prove." *Hess v.*

*Philip Morris USA, Inc.*, 175 So. 3d 687, 695 (Fla. 2015). Because we affirm on the ground that plaintiffs failed to preserve their new theory of concealment, we need not assess whether the district court permissibly raised what now seems to be a non-jurisdictional repose defense or, if so, whether the court correctly held that the defense applies in this case.

Finally, plaintiffs argue that SunTrust discarded account records in violation of its internal policies. But plaintiffs never explain how any such lapse could give rise to a claim for fraudulent concealment.

III

We review for abuse of discretion the district court's rulings on discovery, reconsideration, and leave to amend. *Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir. 2017); *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 225 (D.C. Cir. 2011); *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006). We find no abuse of discretion here.

To begin, the district court permissibly denied plaintiffs' motions to compel further discovery and to defer ruling on summary judgment in the meantime. Plaintiffs argued that a SunTrust company witness had been unprepared to answer deposition questions about the bank's record-retention practices and that SunTrust had provided incomplete documents regarding those practices. As a result, plaintiffs say, they were denied a fair opportunity to take discovery on whether SunTrust might still be able to recover information about Scherban's account. But as the district court explained, the proposed additional discovery would not have cured the fatal flaws that the court identified in the accounting claim (absence of any fiduciary relationship) and the preserved

concealment claim (absence of any contractor records). *Trudel II*, 288 F. Supp. 3d at 253–56.

The district court also permissibly denied plaintiffs' motion to reconsider summary judgment on the concealment claim. Under Federal Rule of Civil Procedure 59(e), a motion to reconsider "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (quotation marks omitted). Here, plaintiffs' new evidence consists of allegedly false statements made by SunTrust to the Scherban family or its agents between 2003 and 2013. As the district court explained, it was "not justifiable that counsel failed to unearth (or at least plead) these additional allegations during three years of litigation." *Trudel III*, 325 F.R.D. at 27. Plaintiffs further contend that the district court clearly erred in considering the repose issue *sua sponte*. We need not decide that question because, as discussed above, we affirm the dismissal of the concealment claim on other grounds. Plaintiffs allege manifest injustice because the district court ruled on summary judgment before holding a status conference that it previously had scheduled. But as the court explained, that conference addressed an unrelated issue about service on another defendant who had not appeared in the case and is not present in this appeal. *Id.* at 26.

Finally, the district court permissibly declined to allow plaintiffs to file a third amended complaint to expand the concealment claim beyond the alleged litigation misconduct in 2015 and 2016. Plaintiffs surfaced the amendment issue in their brief opposing SunTrust's motion for summary judgment, which purported to reserve a right to amend. *Trudel II*, 288 F. Supp. 3d at 256. The district court correctly concluded that any

attempt at amendment was ineffective because "a request for leave to amend must be submitted in the form of a written motion, and … must state with particularity the grounds for seeking the order and state the relief sought." *Benoit v. USDA*, 608 F.3d 17, 21 (D.C. Cir. 2010) (cleaned up). Plaintiffs then resurfaced the amendment issue in their motion for reconsideration. But "once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisfies Rule 59(e)'s more stringent standard'" for reconsideration. *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (alteration adopted) (quoting *Firestone*, 76 F.3d at 1208). The district court thus properly denied leave to amend after finding reconsideration unwarranted. *See Trudel III*, 325 F.R.D. at 27.

Plaintiffs contend that the governing amendment standard is the more liberal one set forth in Federal Rule of Civil Procedure 15(a), which provides that a court "should freely give leave when justice so requires." Plaintiffs invoke *Foman v. Davis*, 371 U.S. 178 (1962), which applied Rule 15(a) to a request for leave to amend filed post-judgment. *Id.* at 182. But *Foman* did not directly address how Rule 59(e) interacts with Rule 15(a), *Firestone* resolved that precise question, and the latter is now binding circuit precedent. *LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (en banc). In any event, after holding that plaintiffs had to satisfy the Rule 59(e) standard, the district court further held, in the alternative, that they failed to satisfy even the Rule 15(a) standard. *See Trudel III*, 325 F.R.D. at 27–28. That conclusion was amply justified, because "undue delay" is a valid ground for denying leave to amend under Rule 15(a). *See, e.g.*, *Foman*, 371 U.S. at 182; *Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012). Here, as the district court explained, plaintiffs offered no good reason for failing to expand their concealment claim until after the close of discovery and entry of final judgment.

9

Moreover, we agree with the district court that "allowing them to go back to the drawing board now—after protracted discovery and a decision on summary judgment—would be highly prejudicial to the Bank." *Trudel III*, 325 F.R.D. at 28.

IV

For these reasons, we affirm the district court's summary judgment.

*So ordered.*